IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA ~~RECEIVED~~
~~NORTHERN~~ DIVISION
Eastern

~~2007 JUN -6 P 2:25~~

| | | |
|---|---|---|
| DOROTHY WALKER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 3:07CV503 - MEF |
| | * | |
| JOHN HUGGINS and HARBORLITE | * | |
| CORPORATION, | * | |
| | * | |
| Defendant. | * | |

## ANSWER

Come now the Defendants, John Huggins and Harborlite Corporation, and an in answer to the Plaintiff's Complaint state as follows:

1.     Defendants admit the allegations of ¶ 1 of Plaintiff's Complaint.

2.     Defendants admit that John Huggins is a resident and citizen of Bainbridge, Georgia; that Harborlite Corporation is a corporation with its principal place of business in Quincy, Florida; and that Huggins was acting with in the line and scope of his employment with Harborlite Corporation at the time of the accident made the subject of this action.

3.     The allegations set forth in ¶ 3 of Plaintiff's Complaint do not require a response from these Defendants at this time.

4.     With respect to the allegations of ¶ 4 of Plaintiff's Complaint, the Defendants state that a motor vehicle accident did occur on April 29, 2005, but otherwise deny all of the remaining allegations of ¶ 4 of Plaintiff's Complaint and demand strict proof thereof.

5-9.     Defendants deny all of the remaining allegations of ¶¶ 5-9 of Plaintiff's Complaint and demand strict proof thereof.

## FIRST DEFENSE

Defendants plead the general issue.

## SECOND DEFENSE

Defendants plead not guilty.

## THIRD DEFENSE

Defendants plead contributory negligence.

## FOURTH DEFENSE

1.     Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

a.     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, and thereby violate

2

the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

     e.     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

     f.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, and thus violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

     g.     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines, and thus violate Eighth and Fourteenth Amendments of the United States Constitution.

     2.     Plaintiff's claim of punitive damages violates the due process clause of Article I, Sections 6 and 13 of the Constitution of Alabama on the following grounds;

     a.     It is a violation of the Due Process Clause of to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

     b.     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

     c.     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

     d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

3

     e.     The award of punitive damages in this case constitutes a deprivation of property without due process of law; and

     f.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, and thus violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

3.     Plaintiff's attempt to impose punitive damages or extra-contractual damages on these Defendants, on the basis of the vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

4.     The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

5.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

6.     The award of punitive damages against the Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

7.     The Defendants state that the imposition of punitive damages under Alabama law is arbitrary and capricious, inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama

law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama and that imposition of punitive damages under Alabama law, even with Green Oil and Hammond's guidelines is arbitrary and capricious leading to "grossly excessive" punitive damage awards, inasmuch as the jury is provided neither guidelines in reaching some rational ratio between compensatory and punitive damages nor some rational relation between the defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition. BMW of North American v. Gore, 1996 WL 262429.

8.      Notions of judicial fairness, Due Process, and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but also the severity of the penalty that a State may impose. This State provides no such notice to defendants, leading to "grossly excessive" punitive damage awards that violate the United States Constitution and its amendments. BMW of North American v. Gore, 1196 WL 262429.

9.      Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, Ala. Code, 1975. This defense is intended to challenge the ruling stated in Henderson v. Alabama Power Co., 627 So.2d 878 (Ala. 1993).

FIFTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the

award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

<u>SIXTH DEFENSE</u>

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against the Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

COWIN KNOWLES          KNO007
Attorney for Defendants
Harborlite Corporation and John Huggins

6

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
P. O. Box 2148
Montgomery, AL 36102-2148
Telephone: (334) 387-7680
Telefax: (334) 387-3222

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the U.S. Mail, postage prepaid and properly addressed this ___6___ day of June, 2007.

_____
OF COUNSEL

Brian P. Strength, Esq.
Cochran, Cherry, Givens & Smith, P.C.
P.O. Box 830419
Tuskegee, AL 36083