IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DOROTHY WALKER,** | * |
| | * |
| | * |
| Plaintiff, | * CIVIL ACTION NO. 3:07-CV-503-MEF |
| | * |
| vs. | * |
| | * |
| **JOHN HUGGINS and HARBORLITE** | * |
| **CORPORATION,** | * |
| | * |
| Defendant. | * |

## MOTION TO REMAND

Plaintiff files this Motion to Remand and states:

**I.      INTRODUCTION**

Plaintiff filed this case on April 27, 2007 in the Circuit Court of Macon County, Alabama, alleging state law claims of negligence and wantonness. (See Complaint). Defendants John Huggins and Harborlite Company (hereafter "Defendants") filed a Notice of Removal in this case on or about June 6, 2007, claiming that diversity jurisdiction exists in this case. Plaintiff moves this Court to remand this case since the amount in controversy requirement has not been met.

**II.      DIVERSITY JURISDICTION IS LACKING**

A state action is removable under the provisions of 28 U.S.C. § 1332, so long as no two opposing parties are citizens of the same state, the amount in controversy exceeds $75,000, and the district court has original jurisdiction over the claim. 28 U.S.C. §1441(a). For removal purposes, diversity is determined at the time of removal. University of South Alabama v. American Tobacco Co., 168 F.3d 405,410 (11th Cir. 1999). However, "if at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from which it came. 28 U.S.C. §1447(c). The standard of review in jurisdictional disputes favors plaintiffs. When "deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court." Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994).

The Complaint is crystal clear that the Plaintiff is not seeking the requisite amount. The Complaint specifically limits the recovery to less than $75,000 on at least three occasions (See Complaint). The Plaintiff has the right to litigate her claims in state court by limiting the amount in controversy. The Plaintiff, as well as her counsel, can think of no clearer way to do so than to simply state that the total amount sought is less than $75,000. Further, the Plaintiff is willing to sign anything that the Court wishes to verify that the amount in controversy at the time of the filing of the lawsuit was less than $75,000.[1]

Defendant has the burden, as the removing party, to establish federal jurisdiction. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). The Eleventh Circuit has held that where a plaintiff specifically claims less than the requisite amount in controversy, the defendant must prove to a legal certainty that the plaintiffs' claims would not yield a recovery less than the jurisdictional amount. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1995); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). Defendant has fallen woefully short of this exacting burden. In fact, Defendant has not even *alleged*, much less

---

[1] Also, in Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097(11th Cir. 1995), the Court noted that one possibility for a defendant opposing a motion to remand is to offer to settle the case for $75,000.01. Plaintiff invites Defendant to offer that amount to Plaintiff.

2

offered any evidence, that the Plaintiff's claim would not yield a recovery less than the jurisdictional amount. Accordingly, this case should be remanded for lack of diversity jurisdiction.

In this case, the Defendants have the burden, under <u>Burns</u>, to prove to a legal certainty that no recovery in this case could be less than $75,000. <u>See Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1995).

### III. CONCLUSION

This case should be remanded. The Defendants have not met its burden of proof with regard to the requisite amount in controversy, especially since an amount below $75,000 was specifically pled in the complaint.

WHEREFORE, Plaintiff respectfully requests that this Court remand this case to the Circuit Court for Macon County, Alabama.

> Respectfully Submitted,
>
> /s/ Valerie Rucker Russell
> Valerie Rucker Russell (RUS038)

**OF COUNSEL**:
COCHRAN, CHERRY, GIVENS
& SMITH, P.C.
Post Office Box 830419
Tuskegee, Alabama 36083
Tel: (334) 727-0060
Fax: (334) 727-7197

## CERTIFICATE OF SERVICE

       I hereby certify that I have served a copy of the foregoing upon counsel listed below by placing a copy same in the U. S. Mail, properly addressed and postage prepaid, on this the 3rd day of April, 2008;

Cowin Knowles
Ball, Ball, Matthews & Novak, PA
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109-5413


                                              /s/ Valerie Rucker Russell
                                              OF COUNSEL

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| Dorothy Walker, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO.:CV-07-49 |
| vs. ) | |
| ) | |
| John Huggins; Harborlite ) | |
| Corporation; and ) | |
| Fictitious Defendants "A," "B," and ) | |
| "C," persons, corporations, firms or ) | |
| other entities whose wrongful conduct ) | |
| caused the injuries and damages to ) | |
| the Plaintiffs, all of whose true and ) | |
| correct names are unknown to the ) | |
| Plaintiffs at this time, but will be ) | |
| added by amendment when ) | |
| ascertained, ) | |
| ) | |
| Defendants, ) | |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, Dorothy Walker, is over the age of majority and is a resident citizen in Pike Road, Alabama.

2. Defendant, John Huggins, is over the age of majority and is a resident citizen of Bainbridge, Georgia. At all times, Higgins was acting as the agent for Harborlite Corporation, and was acting in the line and scope of his emplyment.

3. Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damages to the Plaintiffs, all of whose true and correct names are unknown to the Plaintiffs at this time, but will be substituted by amendment when ascertained.

### FACTS

4. On or about April 29, 2005, Huggins acted in such negligent and/or wanton manner when he caused the vehicle he was driving to collide with the vehicle in which Plaintiff was driving

causing Plaintiff to suffer and sustain injuries and damages. The Defendant failed to yield the right of way to the vehicle in which Plaintiff was driving.

### COUNT I

5. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-4 as if fully set forth herein.

6. As a proximate consequence of the Defendant's said negligence and/or wantonness, Plaintiff was caused to suffer the following injuries and damages:

    a) Medical Bills and other financial losses;
    b) Pain and suffering; and,
    c) Mental anguish and emotional distress.

WHEREFORE, premises considered, Plaintiff prays for a judgment for compensatory and punitive damages not to exceed $75,000, exclusive of interest and costs. The total amount sought by Plaintiff in this lawsuit, cumulative of all counts in the complaint, is not to exceed $75,000 exclusive of interest and costs.

### COUNT II

7. Plaintiff re-alleges and re-adopts by reference each of the foregoing paragraphs as if fully set forth herein.

8. Fictitious Defendants "A", "B", and "C", are also liable under the foregoing counts and theories.

9. As a direct and proximate consequence of the negligence and/or wantonness, Plaintiff was injured and damaged as alleged in the above paragraphs.

WHEREFORE, premises considered, each Plaintiff prays separately for a judgment for compensatory and punitive damages not to exceed $75,000 each, exclusive of interest and costs. The total amount sought by each Plaintiff in this lawsuit, cumulative of all counts in the complaint, is not to exceed $75,000 exclusive of interest and costs.

Respectfully Submitted,

JOCK M. SMITH (SMI047)
BRIAN P. STRENGTH (STR052)
VALERIE R. RUSSELL (RUS038)
Attorneys for Plaintiffs

**OF COUNSEL:**
COCHRAN, CHERRY, GIVENS & SMITH, P.C.

306 North Main Street
P. O. Box 830419
Tuskegee, Alabama 36083
(334) 727-0060
(334) 727-7197-fax


NOTE: This lawsuit is brought in its entirety only on the basis of state law claims. The total amount sought by each Plaintiff in this lawsuit, cumulative of all counts in the complaint, is not to exceed $75,000 exclusive of interest and costs.