IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **DOROTHY WALKER,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 3:07-cv-503-MEF |
| | * | |
| **JOHN HUGGINS and HARBORLITE** | * | |
| **CORPORATION,** | * | |
| | * | |
| Defendant. | * | |

## DEFENDANTS' RESPONSE TO MOTION REMAND

COME NOW the Defendants, John Huggins and Harborlite Corporation, and pursuant to this Honorable Court's April 7, 2008, Order, and respond to Plaintiff's Motion to Remand as follows:

1. Defendants John Huggins and Harborlite Corporation filed a timely notice of removal of this action to the United States District Court for the Middle District of Alabama, alleging diversity jurisdiction as the basis for removal. 28 U.S.C. §§1332(a) and 1441(b).

2. On April 3, 2008, Plaintiff filed a Motion to Remand this action. Plaintiff's Motion to Remand asserted that this Court lacks jurisdiction under 28 U.S.C. §1332 because the amount in controversy does not exceed the Court's jurisdictional limit of $75,000.00.

3. This Honorable Court stated in *Lacey v. Dollar General Corp.*, 2005 WL 3240708 (M.D. Ala. 2005) whether a federal court has jurisdiction over a removed lawsuit depends upon the pleadings at the time of removal. This Honorable Court further recognized in *Lacey* that a Plaintiff cannot reduce her claim for damages after removal to defeat federal court jurisdiction. *Lacey*, however, held that based on Plaintiff's affidavit submitted in support of motion to remand

that Plaintiff intended at the time the complaint was filed to seek no more than $75,000.00 in damages. See, id. Because the Plaintiff did not seek more than the jurisdictional amount when she filed her complaint, the District Court in *Lacey* was divested of subject matter jurisdiction over the removed case and Plaintiff's motion to remand the action to the Circuit Court of Covington County, Alabama was granted. See, id. A similar result was reached by this Honorable Court in *Brooks v. Pre-Paid Legal Services. Inc.*, 153 F. Supp.2d 1299 (M.D. Ala. 2001) and in *Moss v. Voyager Ins. Co.*, 43 F. Supp.2d 1298 (M. D. Ala. 1999), and by Chief Judge Mark Fuller in *Thornton v. Waffle House. Inc.*, 2006 WL 2631350 (M.D. Ala. 2006).

4. In this case, Plaintiff's Motion to Remand states "The Complaint is crystal clear that the Plaintiff is not seeking the requisite [jurisdictional] amount..." and that "... the Plaintiff is willing to sign anything the Court wishes to verify that the amount in controversy at the time of the filing of the lawsuit is less than $75,000."

5. To the extent Plaintiff and her counsel are determined by this Court to be bound by their representations herein and in the manner set forth by this Court in *Lacey*, *Brooks*, *Moss* and *Thornton*, remand appears appropriate. If the Court were, however, to find that Plaintiff and her counsel are not bound as in *Lacey*, *Brooks*, *Moss* and *Thornton*, Defendants alternatively assert that they have demonstrated that at the time of removal, the amount in controversy, exclusive of interest and costs, exceeded $75,000.00. *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F. 3d 1287, 1291 (11th Cir. 2000) ("We join our sister circuits and conclude the amendments to §1447(c) did not alter the fact that in this case, the district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction."). It was, however, recently stated in *Thornton* that this Court

"has routinely considered and given effect to such post-removal affidavits or binding stipulations". *Thornton*, *supra*.

Wherefore, the premises considered, Defendants John Huggins and Harborlite Corporation, pursuant to this Honorable Court's April 7, 2008, Order, file their response to Plaintiff's Motion to Remand.

/s/ Cowin Knowles
Attorney for Defendants
John Huggins and Harborlite Corporation

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive
Suite 204
P.O. Box 2148
Montgomery, AL  36102-2148
(334) 387-7680

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

/s/ Cowin Knowles
OF COUNSEL

Valerie Rucker Russell, Esq.
Cochran, Cherry, Givens & Smith, P.C.
P.O. Box 830419
Tuskegee, AL 36083