IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOROTHY WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07-cv-503-MEF |
| | ) | |
| JOHN HUGGINS, *et al.*, | ) | (WO) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion to Remand (Doc. # 15), filed April 3, 2008. For the reasons discussed below, this Court finds that motion is due to be GRANTED.

Plaintiff Walker filed this cause of action in the Circuit Court of Macon County, Alabama on April 27, 2007. Defendants filed a Notice of Removal in this Court on June 6, 2007. Defendants based their attempt at removal on diversity jurisdiction. *See* 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors

remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that this a court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

In order for this Court to have jurisdiction under § 1332, two requirements must be met. First, there must be complete diversity of citizenship; that is, each plaintiff's citizenship must be diverse from each defendant's citizenship. *See , e.g.*, *Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). The parties do not contest that this requirement is met. Second, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Plaintiff argues that this requirement is not met.

On the face of the Complaint, Plaintiff claims that "[t]he total amount sought by Plaintiff in this lawsuit, cumulative of all counts in the complaint, is not to exceed $75,000 exclusive of interest and costs." Because Plaintiff specified an amount of damages in the Complaint that are less than the jurisdictional requirement, Defendants have the burden of proving to a "legal certainty" that Plaintiff would actually receive more than the jurisdictional requirement if she prevailed. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.

1994). This burden is intended to be a "heavy" one. *See id.*

Not only do Defendants fail to meet this "heavy" burden, the Notice of Removal fails to even mention the amount in controversy requirement. Furthermore, after Plaintiff's Motion to Remand directed this Court's attention to this glaring deficiency, Defendants' response mischaracterizes Plaintiff's motion as an attempt to amend the Complaint to add the limit on damages, when in fact the Complaint *as filed* contained the restriction. Accordingly, Defendants have failed to meet their burden and this case is due to be remanded.

Moreover, this Court would like to direct counsel for the Defendants' attention to the following passage in their response:

> In this case, Plaintiff's Motion to Remand states "The Complaint is crystal clear that the Plaintiff is not seeking the requisite [jurisdictional] amount . . ." and that ". . . the Plaintiff is willing to sign anything the Court wishes to verify that the amount in controversy at the time of the filing of the lawsuit is less than $75,000.

Def. Response to Mot. Remand at 2. Counsel should note that the *unedited* passage from the Plaintiff's motion reads:

> The Complaint is crystal clear that the Plaintiff is not seeking the requisite amount. *The Complaint specifically limits the recovery to less than $75,000 on at least three occasions (See Complaint). The Plaintiff has the right to litigate her claims in state court by limiting the amount in controversy. The Plaintiff, as well as her counsel, can think of no clearer way to do so than to simply state that the total amount sought is less than $75,000.* Further, the Plaintiff is willing to sign anything that the Court wishes to verify that the amount in controversy at the time of the filing of the lawsuit was less than $75,000.

Pl. Mot. to Remand at 2 (emphasis added).

Defendants' response attempts to justify removal on the ground that Plaintiff only attempted to limit her recovery *after* removal. However, the manner in which the above quoted passage was edited indicates that defense counsel should have been aware, and may in fact have been aware, that Plaintiff had in fact limited the amount of damages in the Complaint below the jurisdictional requirement. This Court would caution defense counsel that Federal Rule of Civil Procedure 11(b) requires the signing attorney of any written motion presented to this Court to certify that the legal arguments are nonfrivolous and the factual contentions have evidentiary support. In the future, defense counsel should take more care with the arguments and factual assertions it makes to this Court.

This Court has discretion to award costs and attorney fees incurred as a result of an improvident removal. 28 U.S.C. § 1447(c). Such an award is appropriate when the defendant had no "objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). There is no objectively reasonable basis for Defendant's argument that this Court has jurisdiction because Plaintiff attempted to limit damages after removal. In fact, this argument is most decidedly unreasonable, and this Court will award Plaintiff her costs and attorney fees incurred as a result of removal.

For the foregoing reasons, it is hereby ORDERED that:

(1)    Plaintiff's Motion to Remand (Doc. # 15) is GRANTED.

(2)    Pursuant to 28 U.S.C. § 1447(c) all "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" are TAXED to

4

Defendants.

(3)   This case is REMANDED to the Circuit Court of Macon County, Alabama.

(4)   The Clerk is DIRECTED to take appropriate steps to effect the remand.[1]

(5)   Any pending motions not resolved by this Order are left for resolution by the Circuit Court of Macon County, Alabama.

DONE this 11th day of April, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This Court retains jurisdiction for the limited purpose of determining costs if the parties cannot reach agreement, *see Fowler v. Safeco Ins. Co. of America*, 915 F.2d 616 (11th Cir. 1990); *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1303(M.D. Ala. 2001) (DeMent, J.).

5

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).